IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                          25-CR-205-HKS-JLS

LAWRENCE COLBERT, et al.

                    Defendants

---

## PROTECTIVE ORDER

With the consent of the counsel of record for the defendants, and the defendants having requested discovery under Federal Rule of Criminal Procedure 16, the Court hereby finds and orders as follows:

## Categories

1.    **Victim Discovery Material**.  Any and all discovery material designated by the government as "Victim Discovery" and produced to the defendant(s) by the government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the Victim Discovery Material, may be used by defense counsel for any purpose consistent with this Protective Order in furtherance of the representation of the defendant(s) in connection with the above-captioned case.[1]  The Victim Discovery Material produced by the government pursuant to this Order includes documents and materials that identify, or tend to identify in any manner, or that contain images/videos/visual representations, personal identifying information ("PII") or contact information, for any victims or witnesses about whom the government will produce discovery.

---

[1]    The parties shall meet and confer regarding any dispute over the government's designation of material as "Victim Discovery Material", after which the defense may seek de-designation.

2.      **Disclosure Material**. In addition, some of the discovery disclosed by the government does not relate to victim(s) but would impede, if prematurely disclosed, the government's ongoing investigation of uncharged individuals.

3.      **Sealed Material**. Other material, referred to herein as Sealed Material, contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**<u>Disclosure and Treatment Victim Discovery Material</u>**

4.      Any and all Victim Discovery Material produced to the defense by the government and any copies, notes, transcripts, documents, or other information derived or prepared from the Victim Discovery Material shall not be further disseminated by the defendants, defense counsel, or any member of the defense team to any individuals, organizations or other entities, other than members of the legal staff of and expert witnesses and interpreters retained by defense counsel, who shall be bound by the entirety of this Protective Order, without further order of the Court.

5.      Each of the individuals to whom disclosure is authorized in paragraph 4, that is, members of the legal staff of and expert witnesses and interpreters retained by defense counsel, shall be provided a copy of this Protective Order and advised that he or she shall not further disseminate any portion of the Victim Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Victim Discovery Material except in conformity with this Protective Order.

6.      The government may, in its discretion, designate Victim Discovery Material as "Attorney Inspection Only", "Attorney's Eyes Only", and "Attorney Possession Only".

7.     Subject to the modification procedure outlined in ¶ 10, the defendants shall not be permitted to review or possess Victim Discovery Material designated as "Attorney Inspection Only" or "Attorney Eyes Only".

8.     The defendants may only review the Victim Discovery Material designated as "Attorney Possession Only" in the presence of defense counsel or defense counsel's legal staff. The defendants are prohibited from having possession, custody or control of the Victim Discovery Material designated as "Attorney Possession Only", except to the extent necessary for the defendants to review the Victim Discovery Material in the presence of defense counsel or defense counsel's staff.

9.     Where the parties wish to attach any portion of the Victim Discovery Material to public filings made with the Court, the Victim Discovery Material and any pleadings or submissions referencing the content of that material shall be filed or lodged under seal consistent with the sealing procedures of the Western District of New York and the Court.

10.     In the event that a defendant or defense counsel wishes to disclose any portion of the Victim Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Victim Discovery Material to any individual to whom disclosure is not authorized by paragraph 4, defense counsel and the government are directed to meet and confer to discuss the propriety of the disclosure. If both parties agree to the disclosure, they must file a joint advisory under seal with the Court explaining the basis for the disclosure. If the government does not consent to the disclosure, the defendant shall make an application to the Court for authorization to make such disclosure, and notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure.

11.     In the event that Victim Discovery Material is used during a court proceeding, the parties will comply with Rule 49.l(a) of the Federal Rules of Criminal Procedure, will ensure that court transcripts are appropriately redacted to protect Victim Discovery Material, and will seek permission from the Court to offer the redacted versions of Victim Discovery Material into evidence unless it is necessary to offer the unredacted version.

12.     If a defendant obtains substitute or additional counsel, the undersigned defense counsel will not transfer any portion of the Victim Discovery Material or any copies, notes, transcripts, documents or other information derived or prepared from the Victim Discovery Material unless and until substitute counsel agrees to this Protective Order. Nothing in this Protective Order prevents counsel from discussing the Victim Discovery Material with counsel for other defendants named in any Superseding Indictments who are also bound by this Stipulation and Order.

13.     The defendants and defense counsel will destroy or return to the government any Victim Discovery Material and all copies thereof, whether in the possession of defense counsel or members of the legal staff of and expert witnesses and linguists retained by defense counsel who have signed this Protective Order, within twenty-one (21) days of either (a) a verdict of acquittal rendered by a jury; (b) if no appeal is filed following a conviction, the date of sentencing; or (c) if a conviction is appealed, the issuance of an appellate decision rendering a final judgment.  Counsel for the defendants may keep one copy of documents containing Victim Discovery Material for as long as necessary to comply with counsel's ethical duties to preserve such information. After that time has expired, counsel will comply with the same procedure outlined here.

**Other Provisions**

14.     The government may, in its discretion, designate non-Victim Discovery Material—that is, Disclosure Material or Sealed Material—related to either (i) ongoing investigations into uncharged individuals or (ii) witnesses for whom there are specific tampering or retaliation concerns as "Attorney Eyes Only" or "Attorney Possession Only".

15.     When designating discovery material as "Attorneys Eyes Only" or "Attorney Possession Only" pursuant to this order, the government must produce the discovery material to defense counsel with a Bates stamp, branding, filename, watermark, folder name, or other label that identifies the government's designation.

16.     The government's designation of material will be controlling absent contrary order of the Court.  The parties shall meet and confer regarding any dispute over such designations and make a good faith effort to resolve the dispute without intervention of the Court.  However, if unable to resolve the dispute, the defense may seek de- designation by the Court, with notice and opportunity to respond provided to the government.

17.     The government may authorize, in writing, disclosure of Disclosure Material and Sealed Material beyond that otherwise permitted by this Order without further order of the Court.

18.     The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure and Sealed Material. All such persons shall be subject to the terms of this Order.

19.     Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the government or securely destroy or delete all Disclosure Material and Sealed Material, including any ESI, within thirty (30) days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above captioned case; and the granting of any motion made

on behalf of the government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct.  If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

20.     Nothing in this Protective Order shall preclude any party from seeking (a) a further protective order pursuant to Rule 16(d) as to particular items of discovery material, or (b) modification of this Protective Order by a judge of competent jurisdiction.

21.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any violations thereof.

DATED:  Buffalo, New York, November  30  , 2025.

_H. Kenneth Schroeder, Jr._
HONORABLE H. KENNETH SCHROEDER, JR.
United States Magistrate Judge