**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
───────────────────────────────

**UNITED STATES OF AMERICA,**

                  **Plaintiff,**

      **v.**

**KALIL COLBERT,**

                  **Defendant.**
───────────────────────────────

      **DOCKET NO. 25-CR-205 JLS**

## ORDER OF DETENTION PENDING TRIAL

      The government seeks to have the defendant detained pending trial in this case. In accordance with the Bail Reform Act, 18 U.S.C. Section 3142(f), a detention hearing was held on December 19, 2025. For the reasons set forth below and in accordance with 18 U.S.C. Sections 3142(e) and (g), the defendant is hereby ordered detained pending trial in this case.

## CHARGES AGAINST DEFENDANT

      In summary, the defendant is charged by way of Indictment with violating Title 18 U.S.C. Sections 1951(a), 1951 and 2.

## DISCUSSION

      Pursuant to 18 U.S.C. Section 3142(g), the factors to be considered in the determination of a detention request are:

2

(1)    the nature and circumstances of the offense charged;

(2)    the weight of the evidence against the person;

(3)    the history and characteristics of the person, including

    (A)    the person's character, physical and mental
            condition, family ties, employment, financial
            resources, length of residence in the community,
            community ties, past conduct, history relating to
            drug or alcohol abuse, criminal history, and record
            concerning appearance at court proceedings; and

    (B)    whether, at the time of the current offense or arrest,
            the person was on probation, on parole, or on other
            release pending trial, sentencing, appeal or
            completion of sentence for an offense under Federal,
            state or local law; and

(4)    the nature and seriousness of the danger to any person or
      the community that would be posed by the person's
      release.

3

## **FINDINGS AND CONCLUSIONS**

I want to begin by emphasizing the presumption of innocence to which the defendant is entitled both under the Constitution of the United States as well as in the Bail Reform Act of 1984 as amended.  My role in addressing the government's motion to have the defendant detained and the defendant's application that he be released on bail with terms and conditions is to consider all of the facts and circumstances known to the Court at this time in their totality.  That includes the charges in the Indictment as found by a grand jury charging the defendant with a violation of Title 18  U.S.C. Sections 1951(a), 1951 and 2, finding probable cause that this defendant did so violate those statutes.  The Bail Reform Act of 1984 creates a presumption of danger to the community for such a charge.  That was a finding by Congress, in its wisdom, when it passed the Bail Reform Act of 1984 as amended.  Admittedly, it is a rebuttable presumption, but nevertheless, it is a presumption of a potential for committing acts or crimes of violence.  When I look at the criminal history of the defendant, it establishes to my satisfaction by clear and convincing evidence that this defendant does have a propensity for engaging in criminal activities.  When I consider all of these circumstances in their totality, coupled with the Pretrial Services Report and recommendation, coupled with the presumption set forth in the statue, I find that there are no reasonable terms and conditions that I could impose that would reasonably assure the safety of the community or the safety of individuals of the community and that what has been presented on behalf of the defendant does not rise to a sufficient level so as to cause the presumption within the Act to be rebutted.  Therefore, I am

4

granting the government's motion and hereby order the defendant detained and remand

him to the custody of the U.S. Marshals Service until further order of the Court.  It is

hereby

ORDERED that the following DIRECTIONS REGARDING DETENTION be

implemented:

1.      The defendant is committed to the custody of the Attorney

General or his designated representative for confinement in a corrections facility, separate,

to the extent practicable, from persons awaiting or serving sentence or being held in

custody pending appeal, pending trial of the charges herein against him;

2.      The defendant shall be afforded a reasonable opportunity

for private consultation with defense counsel;

3.      On order of a court of the United States or on request of

an attorney for the government, the person in charge of the corrections facility shall deliver

5

the defendant to the United States Marshal for the purpose of an appearance in

connection with a court proceeding.


**SO ORDERED.**


**_S/ H. Kenneth Schroeder, Jr._**
**H. KENNETH SCHROEDER, Jr.**
**United States Magistrate Judge**

**DATED:**      **December 19, 2025**
            **Buffalo, New York**