IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.   25-CR-205

VICTORIA MITCHELL,

        Defendant.

## PLEA AGREEMENT

The defendant, VICTORIA MITCHELL, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.   THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 28 of the Indictment which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute, fentanyl and cocaine base), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $1,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 3 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for

time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

### Count 1 - 21 U.S.C. § 846 (Narcotics Conspiracy)

a. That an agreement existed between two or more persons to commit a controlled substance felony offense;

b. That the defendant knew of the existence of the agreement; and

c. That the defendant intended to participate in the unlawful agreement.

### FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. Between on or about July 30, 2025, and on or about August 1, 2025, in the Western District of New York, the defendant, VICTORIA MITCHELL ("MITCHELL"), and Steven Johnson, a/k/a "Malik" ("Johnson") did knowingly and willfully combine, conspire, and agree with others, known and unknown to the United States Attorney's Office ("USAO"), to possess with intent to distribute, and to distribute, fentanyl and cocaine base, both Schedule II controlled substances.

b. On or about July 29, 2025, Adult Victim 1, a person known to the USAO, contacted MITCHELL via Facebook messenger informing MITCHELL that she was experiencing drug withdrawal and inquiring whether MITCHELL had

    narcotics she would be willing to sell. At that time, and unbeknownst to MITCHELL, Adult Victim 1 was approximately eight months pregnant.

c. MITCHELL responded that she had crack cocaine that she could provide Adult Victim 1. Adult Victim 1 subsequently inquired whether MITCHELL had fentanyl. MITCHELL said that she did not have fentanyl but agreed to arrange for the distribution of fentanyl to Adult Victim 1.

d. MITCHELL then arranged for Unindicted Co-Conspirator 1, a person known to the USAO, to transport the crack cocaine and fentanyl to Adult Victim 1. Unindicted Co-Conspirator 1 delivered the crack cocaine and fentanyl to Adult Victim 1.

e. On or about the next day, July 30, 2025, Adult Victim 1 asked MITCHELL if MITCHELL had more narcotics. MITCHELL arranged the sale of additional crack cocaine and fentanyl to Adult Victim 1 through her cousin, co-defendant Johnson, who, as MITCHELL then and there knew, was Adult Victim 1's former pimp.

f. MITCHELL drove Johnson to deliver the crack cocaine and fentanyl to Adult Victim 1. MITCHELL dropped Johnson off at the hotel in which Adult Victim 1 was living so that he could distribute the crack cocaine and fentanyl to Adult Victim 1.

g. MITCHELL conspired to distribute approximately 2 grams of cocaine base and approximately 1 gram of fentanyl. At least 5 kilograms but less than 10 kilograms of Converted Drug Weight is the amount of MITCHELL's relevant conduct encompassed in the Indictment which could be readily proven by the government against her.

### III.  SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(14) provide for a base offense level of **12**.

## ACCEPTANCE OF RESPONSIBILITY

7.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility), which would result in a total offense level of **10**.

## CRIMINAL HISTORY CATEGORY

8.  It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

9.  It is the understanding of the government and the defendant that with a total offense level of 10, and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **6 to 12 months**, a fine of **$4,000 to $1,000,000**, and a period of supervised release of **3 years**.

10. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

11. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

12. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.  STATUTE OF LIMITATIONS

13. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V. IMMIGRATION CONSEQUENCES

14. The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant understands that any effect that the defendant's conviction in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

15. The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration

consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

### VI. GOVERNMENT RIGHTS AND OBLIGATIONS

16. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

18. At sentencing, the government will move to dismiss any open counts of an indictment against the defendant in Case No. 1:25-CR-205.

7

## VII.    APPEAL RIGHTS

19. The defendant knowingly waives the right to appeal and collaterally attack the defendant's conviction in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction based on: (1) any non-jurisdictional defects in the proceedings prior to entry of the plea; (2) a claim that the statute to which the defendant is pleading guilty is unconstitutional, (except in the event that, in the future, the Supreme Court finds the statute in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statute to which the defendant is pleading guilty.

20. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of **6 to 12 months**, a fine of **$4,000 to $1,000,000**, and a period of supervised release of **3 years**, notwithstanding the manner in which the Court determines the sentence. The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did

not object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

21. The defendant understands that by agreeing not to collaterally attack the conviction or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the right to challenge the conviction or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

22. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of **6 to 12 months**, a fine of **$4,000 to $1,000,000**, and a period of supervised release of **3 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

23. By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material, (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

24. Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

25. This plea agreement represents the total agreement between the defendant, VICTORIA MITCHELL, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY: _____
Casey L. Chalbeck
Assistant United States Attorney

Dated: February 27, 2026

I have read this agreement, which consists of pages 1 through 10 I have had a full opportunity to discuss this agreement with my attorney, Parker MacKay, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
VICTORIA MITCHELL
Defendant

Dated: February 27, 2026

_____
PARKER MACKAY, ESQ.
Attorney for the Defendant

Dated: February 27, 2026

10