IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                             25-CR-205-JLS

KRISTINA EAVES,

Defendant.

## PLEA AGREEMENT

The defendant, KRISTINA EAVES, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.    THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 7 of the Indictment, which charges a violation of Title 18, United States Code, Section 1951(a) (Hobbs Act Conspiracy), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of 3 years. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years per revocation without credit for time previously served on supervised release. As a consequence, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximums set forth in ¶ 1 of this agreement.

## II.    ELEMENTS AND FACTUAL BASIS

3.     The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

### Count 7 - 18 U.S.C. § 1951(a) (Hobbs Act Conspiracy)

a.  First, the defendant agreed with others to obtain property from another person without that person's consent;

b.  Second, the defendant agreed to do so by wrongful use of actual or threatened force, violence, or fear of injury;

c.  Third, as a result of the defendant's agreement and actions, interstate commerce, or an item moving in interstate commerce, was actually or potentially delayed, obstructed, or affected in any way or degree.

## FACTUAL BASIS

4.      The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

  a. Between in or about March 2024, and in or about December 29, 2024, the defendant, KRISTINA EAVES ("EAVES"), did knowingly and willfully conspire with others, including Lawrence Colbert and Kalil Colbert, to unlawfully obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by extortion, in that EAVES and her co-conspirators conspired to obtain United States currency from prospective commercial sex customers whose consent was induced by the wrongful use of actual and threatened force, violence, and fear.

  b. It was part of the conspiracy that Lawrence Colbert, who was the head of the conspiracy, would advertise or cause the advertisement of other members of the conspiracy, including Minor Victim 1, individuals known to the U.S. Attorney's Office and EAVES, on commercial sex websites such as Megapersonals.eu and Skipthegames.eu.

  c. The advertisements would lead prospective commercial sex customers to a phone number which, in turn, would lead to members of the conspiracy, including Lawrence Colbert and Minor Victim 1. Lawrence Colbert would arrange the time and place of the commercial sex appointment, or cause such arrangements to be made.  It was part of the conspiracy that customers were typically directed to a hotel located in the Western District of New York or elsewhere, or to Lawrence Colbert's residence at 571 Elmwood Avenue, Buffalo, New York.

  d. When the commercial sex customers arrived at the appointments, EAVES, Minor Victim 1, or another female co-conspirator required them to use a cash or monetary transfer application, such as CashApp, to pay for the agreed-upon sex services. One or more of the female co-conspirators, including EAVES and Minor Victim 1, would then help the commercial sex customer undress. With the customer naked on the bed, EAVES and/or Minor Victim 1 and/or another

female co-conspirator would give the customer a sensual massage.

e.  As Minor Victim 1 and/or another female co-conspirator pretending to be a minor would massage the customer, Lawrence Colbert and another male co-conspirator would emerge and purport to film the customer engaged in a commercial sex transaction with a minor. Lawrence Colbert would identify himself as a famous Youtuber or Patreon-er, and would implicitly or explicitly threaten to use the video to ruin the customer's reputation, have the customer prosecuted, or inflict bodily harm unless the customer paid him U.S. currency via cash or a monetary transfer application, such as CashApp. Lawrence Colbert told the commercial sex customers that if they paid him U.S. currency, he would delete the video. It was part of the conspiracy that Lawrence Colbert remitted the proceeds from the extortions to other co-conspirators, including Minor Victim 1.

f.  In this manner, the members of the conspiracy, including EAVES, Minor Victim 1, and Lawrence Colbert, extorted U.S. currency from commercial sex customers, which conduct the defendant admits obstructed, delayed, and affected interstate and foreign commerce in any way or degree.

g.  EAVES admits that she was aware that Lawrence Colbert possessed a firearm when extorting customers at his residence at 571 Elmwood Avenue, Buffalo, New York.

### III.    SENTENCING GUIDELINES

5.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

4

## BASE OFFENSE LEVEL

6.      The government and the defendant agree that Guidelines § 2B3.2(a) applies to the offense of conviction and provides for a base offense level of **18**.

## SPECIFIC OFFENSE CHARACTERISTICS
## USSG CHAPTER 2 ADJUSTMENTS

7.      The government and the defendant agree that the following specific offense characteristics apply:

   a.  The 2-level increase pursuant to Guidelines § 2B3.2(b)(1) (Express or Implied Threat of Bodily Injury); and

   b.  The 5-level increase pursuant to Guidelines § 2B3.2(b)(3)(A)(iii) (Possession of a Firearm).

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

8.      The government and the defendant agree that the following specific offense characteristics apply:

   a.  The 2-level increase pursuant to Guidelines § 3B1.4 (Using a Minor to Commit the Offense)

## ADJUSTED OFFENSE LEVEL

9.      Based on the forgoing, it is the understanding of the government and the defendant that the defendant's adjusted offense level is **27**.

5

## ACCEPTANCE OF RESPONSIBILITY

10.     At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of **24**.

## CRIMINAL HISTORY CATEGORY

11.     It is the understanding of the government and the defendant that the defendant's criminal history category is **I**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## ADJUSTMENT FOR ZERO-POINT OFFENDER

12.     It is the understanding of the government and the defendant that the defendant meets the criteria set forth in Guidelines Section 4C1.1(a)(1) – (11) (Adjustment for Certain Zero-Point Offenders), and as a result, a two-level downward adjustment applies, and the adjusted offense level is **22**.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13.     It is the understanding of the government and the defendant that with a total offense level of **22**, and criminal history category of **I**, the defendant's sentencing range would be a term of imprisonment of **41 to 51 months**, a fine of **$15,000 to $150,000**, and a period of supervised release of no more than **3 years**.

14.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

15.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

16.     In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

## IV.    STATUTE OF LIMITATIONS

17.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

## V.    IMMIGRATION CONSEQUENCES

18.    The defendant represents that the defendant is a citizen of the United States. However, if the defendant is a naturalized citizen of the United States, the defendant understands that pleading guilty may result in denaturalization and removal. If the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant understands that any effect that the defendant's convictions in this action will have upon the defendant's immigration status, that is, possible removal, denaturalization, or other immigration consequence, is the subject of a separate proceeding. The defendant has had an opportunity to fully determine what the consequences of the defendant's conviction may be on the defendant's immigration status, and the defendant understands that no one, including the defendant's attorney or the district

8

court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the guilty plea may entail.

19.    The defendant understands that the defendant is bound by the guilty plea regardless of the immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to the guilty plea and to the sentence based on those consequences, and agrees not to seek to withdraw the guilty plea or to file a direct appeal or any kind of collateral attack challenging the guilty plea, conviction, or sentence based on the immigration consequences of the guilty plea, conviction, or sentence. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in the appropriate forum.

## VI.    GOVERNMENT RIGHTS AND OBLIGATIONS

20.    The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence consistent with the terms of this agreement including the amount of a fine and the method of payment;

    d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

    e. oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

21.    At sentencing, the government will move to dismiss open counts of the Indictment in this action as against this defendant.

## VII.    APPEAL RIGHTS

22.    The defendant knowingly waives the right to appeal and collaterally attack the defendant's convictions in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255, and/or Section 2241. In addition to any other claims the defendant might raise, the defendant knowingly waives the right to challenge the conviction based on: (1) any non-jurisdictional defects in the proceedings prior to entry of the plea; (2) a claim that the statute to which the defendant is pleading guilty is unconstitutional, (except in the event that, in the future, the Supreme Court finds the statute in question unconstitutional); and (3) a claim that the conduct admitted in the Factual Basis of this plea agreement does not fall within the scope of the statute to which the defendant is pleading guilty.

10

23.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than a term of imprisonment of **41 to 51 months**, a fine of **$15,000 to $150,000**, and a period of supervised release of no more than **3 years**, notwithstanding the manner in which the Court determines the sentence. The defendant further knowingly waives the right to appeal and/or collaterally attack any condition of supervised release imposed by the Court for which the defendant had notice, including from a recommendation by the Probation Office in the Presentence Investigation Report, and did not object. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

24.    The defendant understands that by agreeing not to collaterally attack the conviction or sentence in any proceeding, including, but not limited to, an application under Title 28, United States Code, Section 2255 and/or Section 2241, the defendant is waiving the right to challenge the conviction or sentence in the event that, in the future, the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

11

25.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than a term of imprisonment of **41 to 51 months**, a fine of **$15,000 to $150,000**, and a period of supervised release of no more than **3 years**, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

26.    By entering this plea of guilty, the defendant waives any and all right to withdraw the defendant's plea or to attack the defendant's conviction or sentence, either on direct appeal or collaterally, on the ground that the government has failed to produce any discovery material, (other than material the government was required to produce under *Brady v. Maryland* and its progeny), that has not already been produced as of the date of the signing of this Agreement.

27.    Notwithstanding the foregoing, nothing in the Appeal Rights section of this plea agreement shall be construed to be a waiver of whatever rights the defendant may have to assert claims of ineffective assistance of counsel, whether on direct appeal, collateral review, or otherwise.

## VIII.    FORFEITURE PROVISIONS

### ABANDONMENT

28.    The defendant agrees to voluntarily abandon all of the following property seized during the criminal investigation associated with this matter and waives any and all rights or interest which the defendant may still possess in said property or for which the defendant may have any claim.  The defendant specifically agrees to voluntarily abandon the following property:

**CURRENCY**:

a.    The approximate sum of two thousand, eight hundred and twenty-five dollars ($2,825) in United States currency, seized from the defendant, on or about October 17, 2025 in Buffalo, New York.

**JEWELRY**:

a.    One (1) 10k gold nugget ring;
b.    One (1) Cuban link chain;
c.    One (1) emerald tennis bracelet;
d.    One (1) 10k gold chain with L pendant;
e.    One (1) 10k gold signal light pendant; and
f.    One (1) 10k rose/white gold diamond CFN pendant.

**ELECTRONICS**:

a.    One (1) Apple iPhone 14 bearing serial # JQTXKQY3QP;
b.    One (1) Go Pro Camera Hero;
c.    One (1) T-Mobile cell phone, color: gray;
d.    One (1) Apple iPhone with cracked back;
e.    One (1) Apple iPhone, color: white; and
f.    One (1) Apple iPhone with cracked camera lens.

29.    The defendant agrees to waive any time restrictions, requirement, or any other applicable federal law with respect to the abandonment of this property. The defendant hereby knowingly and voluntarily waives any right, title, and interest in the property and agrees not

13

to contest the vesting of title in the government. The defendant further waives the provisions of 41 Code of Federal Regulations 128-48.102-1, 41 Code of Federal Regulations 128-48.50, and 19 Code of Federal Regulations Part 162 with respect to the abandonment of the aforementioned property and agrees to sign any and all documentation in order to assist the government in facilitating the abandonment of said property.

30.    The defendant further understands that the government and any law enforcement agency acting on behalf of the government, to wit: Homeland Security, may in its discretion, destroy the jewelry and electronics.

31.    The defendant agrees that the aforementioned property is subject to abandonment and agrees to waive all statutory and constitutional rights, including but not limited to, time restrictions and notice provisions with respect to the abandonment of the aforementioned property.

32.    The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for forfeiture, abandonment, and disposition of the aforementioned property survives and shall be given full force and effect. The failure of the defendant to forfeit any property as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement.

33.    The defendant agrees that if, for any reason, in any pleadings before the Court and orders issued by the Court, including but not limited to, the Preliminary and/or Final

19

Order of Forfeiture and the Judgment and Commitment, the government fails to properly identify an item to be forfeited or abandoned, fails to include any item that is forfeitable or properly abandoned under the applicable statutes in this case, or includes a clerical error, the defendant will consent and not oppose any effort by the government to amend, correct, or add to the description/list of items subject to forfeiture in this case. Additionally, to the extent necessary and at the discretion of the United States Attorney's Office, the defendant further agrees, in the alternative, to the abandonment or civil forfeiture of any items that were excluded from the original description of items to be forfeited. Finally, if not specially identified or listed above, the defendant agrees to the abandonment of any and all cellular phones seized by law enforcement in this case.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

34.    This plea agreement represents the total agreement between the defendant, KRISTINA EAVES, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

MICHAEL DIGIACOMO
United States Attorney
Western District of New York

BY:    _____
CASEY L. CHALBECK
Assistant United States Attorney

Dated: March 25, 2026

20

I have read this agreement, which consists of pages 1 through 21. I have had a full opportunity to discuss this agreement with my attorney, Daniel DuBois, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

KRISTINA EAVES
Defendant

Dated: March 25, 2026

DANIEL DUBOIS
Attorney for the Defendant

Dated: March 25, 2026

21