UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

v.                                                            Cri. No. 25-CR-205-JLS

LAWRENCE COLBERT, et al.,

                        Defendant.

_____

<u>**MINOR VICTIM 2'S RESPONSE**</u>
<u>**IN OPPOSITION TO DEFENDANT LAWRENCE COLBERT'S MOTION FOR THE**</u>
<u>**ISSUANCE OF RULE 17(c) SUBPOENAS**</u>

Dated:  Buffalo, New York
         July 27, 2026.

                                          /s/ Olivia A. Proia
                                          Olivia A. Proia, Esq.
                                          PERSONIUS MELBER LLP
                                          *Attorneys for Defendant*
                                           MINOR VICTIM 2
                                          2100 Main Place Tower
                                          350 Main Street
                                          Buffalo, NY  14202
                                          (716) 855-1050
                                          oap@personiusmelber.com

TO:    Samuel L. Yellen, Esq.
       Samual L. Yellen,
       Attorney at Law, PLLC
       1 Seneca Street, 29th Floor
       Buffalo, NY 14203
       (716) 304-2820
       sam@yellenlegal.com

       AUSA Casey Chalbeck, Esq.
       U.S. Attorney's Office
       Federal Centre
       138 Delaware Avenue
       Buffalo, NY 14202
       (716) 843-5864
       Casey.Chalbeck@usdoj.gov

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA                                    **DECLARATION OF COUNSEL**

v.

                                                    Cri. No. 25-CR-205-JLS

LAWRENCE COLBERT, et al.,

                    Defendant.

_____

OLIVIA A. PROIA, ESQ. declares under the penalty of perjury:

1.      I am an associate of the law firm known as Personius Melber LLP, and I am Criminal Justice Act counsel for Minor Victim 2.

2.      This Declaration is submitted in opposition to Defendant Lawrence Colbert's Motion for the Issuance of Rule 17(c) subpoenas (Docs. 107, 109) and in support of the Government's Response in Opposition to Defendant Lawrence Colbert's Motion for the Issuance of Rule 17(c) Subpoenas (Doc. 113).

3.      Minor Victim 2 hereby joins in, adopts and incorporates herein the arguments and authorities set forth by the Government in its Response in Opposition to Defendant Lawrence Colbert's Motion for the Issuance of Rule 17(c) Subpoenas.

4.      Minor Victim 2 agrees that the reasons and authorities presented by the Government demonstrate that Mr. Colbert's Motion for the Issuance of Rule 17(c) Subpoenas should be denied for the reasons stated in the Government's opposition.

5.      In addition to the arguments advanced by the Government, Minor Victim 2 submits that the records Mr. Colbert seeks concern events which predate the period during which Mr. Colbert is charged with trafficking Minor Victim 2. As such, the records Defendant seeks to

subpoena are not material or relevant to the charged offenses or to any material issue before the Court.

6.    Mr. Colbert is not charged with sex trafficking by means of force, fraud, or coercion. The charges concern the trafficking of a minor and thus do not require proof of force, fraud, or coercion. Accordingly, any events or activities concerning Minor Victim 2 prior to the trafficking charged here are not material to the elements the Government must prove and do not tend to make any fact of consequence more or less probable.

7.    Mr. Colbert has failed to make the requisite showing under Rule 17(c) that the requested materials are relevant, admissible, and specifically identified, or that they are necessary to the preparation of his defense. Instead, the effort to subpoena these records appears to be based on speculation that the records may contain information useful for impeachment or general discovery, which is not a proper purpose for Rule 17(c) subpoenas.

8.    Compelling production of these records would impose a significant and unnecessary burden on the minor victim while offering little, if any, probative value. Requiring disclosure of records concerning events involving Minor Victim 2 which predate the charged offense would subject Monir Victim 2 to an unwarranted investigation into matters unrelated to the charged offenses, creating the perception that the victim, rather than Mr. Colbert, is on trial. Such an intrusion would unnecessarily invade the victim's privacy without advancing any legitimate evidentiary purpose.

**WHEREFORE**, it is respectfully requested this Court deny Mr. Colbert's Motion for the

Issuance of Rule 17(c) Subpoenas (Doc. 109) without prejudice, along with such other and further

relief the Court deems just and proper.

Dated:  Buffalo, New York
       July 27, 2026.

                       /s/ Olivia A. Proia
                       OLIVIA A. PROIA, ESQ.
                       PERSONIUS MELBER LLP
                       *Attorneys for Defendant*
                        MINOR VICTIM 2
                       2100 Main Place Tower
                       Buffalo, NY  14202
                       (716) 855-1050
                       oap@personiusmelber.com

TO:    AUSA Casey Chalbeck, Esq
       U.S. Attorney's Office
       Federal Centre
       138 Delaware Avenue
       Buffalo, NY 14202
       (716) 843-5864
       Casey.Chalbeck@usdoj.gov