UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

25-CR-205 JLS

LAWRENCE COLBERT,

Defendant.

## DECISION AND ORDER

## PRELIMINARY STATEMENT

The defendant, Lawrence Colbert ("the defendant"), is charged in a multi-count Superseding Indictment, along with a number of co-defendants, with conspiring to sex traffic minors between May and December 2024 in violation of 18 U.S.C. § 1594(c) as well as a number of other criminal charges. Dkt. #85. He has filed a motion wherein he seeks an order from this Court pursuant to Rule 17(c)(3) of the Federal Rules of Criminal Procedure authorizing the issuance of various subpoenae to various New York State police departments and government agencies. Dkt. #106. The government has filed its objection to this motion, Dkt. #113, as has an alleged minor victim in this case, Dkt. #115. Oral argument on the defendant's motion was heard on August 11, 2026 and the matter was taken under advisement.

## DISCUSSION AND ANALYSIS

Rule 17(c)(3) states:

> *Subpoena for Personal or Confidential Information About a Victim.* After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

In its responses to the defendant's motion, the government has stated that it has fully complied with the requirements of Rule 16(a) of the Federal Rules of Criminal Procedure and will continue to do so during the course of this case. More specifically, the government states that it has "produced or made available for inspection the overwhelming majority of the files it received from the [various police departments]" relating to their investigations for which the defendant now seeks authorizations to issue subpoenae to those police departments.

The government further asserts that information that the defendant seeks from the Erie County District Attorney's Office is in substance that which has been produced by the government from the various police department files.

The defendant also seeks authorization to issue a subpoena pursuant to Rule 17(c)(3) to the Niagara Falls Police Department relating to a missing person's report filed on April 16, 2024 with the Niagara Falls Police Department allegedly relating to a minor victim in this case identified as "MV2." The government states that in response to this request, as part of its discovery production, it "has produced or made available for inspection, voluminous discovery related to Minor Victim 2" which it describes in its response to defendant's motion.

Lastly, the defendant seeks authorization to subpoena the New York Department of Corrections and Community Supervision ("DOCCS") for records relating to the defendant's supervision period of April 28, 2020 through March 25, 2023. The government has responded by stating that it is "not in possession of the defendant's DOCCS file and that it has produced the location data related to his ankle monitor." The Court fails to see how the information sought by this subpoena is relevant to the charges in the Superseding Indictment. Furthermore, this file relates to the conduct of the defendant during his period of New York State Parole. He certainly has knowledge of what that consisted of. Thus, he does not meet the requirement under Rule 17(c) that the United States Supreme Court referenced in *Nixon v United States*, 418 U.S. 683, 698-699 (1974).

Since the government has represented that it has fully complied with its legal obligations under Rule 16(a) of the Federal Rules of Criminal Procedure and it will continue to do so, the defendant cannot use Rule 17(c)(3) as a superseding tool for

discovery in this criminal case. Rule 16(a) of the Federal Rules of Criminal Procedure is the exclusive discovery tool available to a defendant in a criminal case along with the *Jencks* statute (18 U.S.C. § 3500) and the *Brady, Giglio* principles.

Finally, MV2 has filed an objection to the granting of an order pursuant to Rule 17(c)(3) which, under the facts and circumstances presented to this Court, must be upheld. As a result, the defendant's request for an order pursuant to Rule 17(c)(3) of the Federal Rules of Criminal Procedure is denied in all respects.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*,

474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED: September 8, 2026
Buffalo, New York

***S/ H. Kenneth Schroeder, Jr.***
**H. KENNETH SCHROEDER, JR.**
**UNITED STATES MAGISTRATE JUDGE**